IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 1:20-bk-00774-HWV |
| MONICA LAFRANCES ALTAMURA, | : | Chapter 13 |
|     Debtor | : | |

| | | |
|---|---|---|
| REGENTS' GLEN COMMUNITY | : | |
| ASSOCIATION, INC., | : | |
|     Movant | : | |
| | : | |
| v. | : | Motion for Relief from Automatic Stay |
| | : | by Regents' Glen Community |
| | : | Association, Inc. |
| MONICA LAFRANCES ALTAMURA | : | |
|     Respondent | : | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW comes Movant Regents' Glen Community Association, Inc., by and through its counsel Aaron S. Marines, Esquire and Russell, Krafft & Gruber, LLP, and hereby moves this Court, pursuant to 11 U.S.C. §362(d)(1) and (2), for the entry of an Order granting relief from the automatic stay. As grounds for its Motion, Movant avers as follows:

1. Movant is Regents' Glen Community Association, Inc.(the "Association"). The Association is a Master Planned Community Association, created pursuant to § 5222 of the Pennsylvania Uniform Planned Communities Act, 68 Pa. C.S. § 5101 et. seq.(the "UPCA").

2. The Debtor/Respondent is Monica Lafrances Altamura.

3. The Debtor is the owner of a planned community unit within  Associationwith an address of 959 Brechin Lane, York, PA 17403 (the "Unit").

4. Debtor filed a voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code (the "Code") on or about April 21, 2020.

{02009605-3 }

Case 1:20-bk-00774-HWV    Doc 99    Filed 03/14/23    Entered 03/14/23 14:44:38    Desc
Main Document    Page 1 of 5

5. This Motion is brought pursuant to 11 U.S.C. §362(d) and Federal Rules of Bankruptcy Procedure 4001 and 3002.1. Venue is proper in the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1409(a).

6. The Movant is a secured creditor of the Debtor/Respondent pursuant to §5315(a) of the UPCA.

7. Pursuant to §5315(a) of the UPCA:

> The association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due. The association's lien may be foreclosed in a like manner as a mortgage on real estate. . . . Unless the declaration otherwise provides, fees, charges, late charges, fines and interest charged pursuant to section 5302(a)(10), (11) and (12) (relating to the power of unit owners' associations) and reasonable costs and expenses of the association, including legal fees, incurred in connection with collection of any sums due the association by the unit owner or enforcement of the provisions of the declaration, bylaws, rules or regulations against the unit owner are enforceable as assessments under this section. If an assessment is payable in installments and one or more installments is not paid when due, the entire outstanding balance of the assessment becomes effective as a lien from the due date of the delinquent installment.

8. It is believed, and therefore averred, that the Unit is the Debtor's primary residence.

9. The Debtor has failed to pay Movant $1,055.08 for ongoing, post-petition assessments, along with interest and late fees that have been charged against her account since the filing of her Petition.

10. The Debtor has also failed to pay Movant $426.00 for ongoing, post-petition attorneys' fees that have been charged against her account since the filing of her Petition.

11. To date, the total amount of post-petition assessments, interest, late fees, attorneys' fees and other costs due to the Movant are $1,481.08.

12. The UPCA permits the assessment of attorneys' fees and costs against the Debtor/Respondent. The total attorneys' fees and costs will increase in the future.

13. All the debts described above are liens against the Unit and are secured debt according to Pennsylvania law.

14. §362(d)(1) of the Code allows the automatic stay to be modified or terminated "for cause, including lack of adequate protection of an interest in the property….".

15. Because the Debtor/Respondent has failed to not only pay Movant post-petition assessments for her Unit, interest, late fees, attorneys' fees and other costs, Movant's interest in the Unit is not adequately protected within the meaning of the Code. This lack of adequate protection of Movant's interest in the Unit constitutes cause for lifting the automatic stay as permitted by §362(d)(1) of the Code.

16. Federal Rule of Bankruptcy Procedure 3002.1 requires notice to be provided whenever a debt secured by the Debtor's principal residence changes.

17. As provided herein, the amount due to Movant will increase each month.

18. It is impractical and unnecessary to provide notice of the increase in the fees each month.

19. Pursuant to L.B.R. 4001-1(f) Movant has notified Debtor's Counsel of its intent to file this motion but concurrence was not obtained.

WHEREFORE, Movant respectfully requests that this Court enter an Order lifting the automatic stay under Section 362 with respect to the Unit located at 959 Brechin Lane, York, PA 17403 in order to allow Movant to proceed to enforce its lien against the Unit. Movant also requests that this Honorable Court waive the ongoing notice requirements of Federal Rule of Bankruptcy Procedure 3002.1, together with any other relief that this Court deems just and equitable.

Respectfully submitted,
RUSSELL, KRAFFT & GRUBER, LLP

          /s/ Aaron S. Marines

      By:_____
        Aaron S. Marines, Esquire
        Attorney I.D. #85728
        Hempfield Center, Suite 300
        930 Red Rose Court
        Lancaster, PA 17601
        (717) 293-9293

{02009605-3 }

Case 1:20-bk-00774-HWV   Doc 99   Filed 03/14/23   Entered 03/14/23 14:44:38   Desc
Main Document   Page 4 of 5

## CERTIFICATION OF SERVICE

I hereby certify that I am this day serving upon the persons and in the manner indicated below, the Motion for Relief from Automatic Stay and Notice of Motion, which service satisfies the requirement of Bankruptcy Rule 4001(a)(1):

<u>Service by ECF, Email, or First Class Mail, Postage Prepaid, Addressed as Follows</u>:

**Debtor's Attorney**:
Dawn M. Cutaia, Esquire
dmcutaia@gmail.com

**Debtors**:
Monica Lafrances Altamura
959 Brechin Drive
York, PA 17403

**Trustee**:
Jack N. Zaharapoulos
8125 Adams Drive, Suite A
Hummelstown, PA 17036

**United States Trustee**:
Office of the United States Trustee
Middle District of Pennsylvania
228 Walnut Street, Suite 1190
Harrisburg, PA 17101

        RUSSELL, KRAFFT & GRUBER, LLP

        /s/ Aaron S. Marines

Dated:_____
By:_____
        Aaron S. Marines, Esquire
        Attorney I.D. # 85728
        Hempfield Center, Suite 300
        930 Red Rose Court
        Lancaster, PA 17601
        (717) 293-9293

{02009605-3 }

Case 1:20-bk-00774-HWV    Doc 99    Filed 03/14/23    Entered 03/14/23 14:44:38    Desc
Main Document    Page 5 of 5